UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAMES DOW VANDIVERE, *et al.*,      )
                                    )
                  Plaintiffs,       )
                                    )
         v.                         )    Civil Action No.  16-1594 (TSC)
                                    )
LORETTA LYNCH, *et al.*,            )
                                    )
                  Defendants.       )
_____ )

**ORDER**

      This matter is before the Court on plaintiff Jon Karl Thompson's motion for reconsideration of the Court's Order, ECF No. 4, directing the plaintiffs to pay the filing fee in installments pursuant to the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915. The PLRA applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program."  28 U.S.C. § 1915(h).  On plaintiff's representation that he is a civil detainee pursuant to the Adam Walsh Child Protection and Safety Act of 2006, *see* 18 U.S.C. § 4248, it appears that plaintiffs are not prisoners to whom the PLRA's filing fee requirements apply, *see Merryfield v. Jordan*, 584 F.3d 923, 924 (10th Cir. 2009) (holding that plaintiff civilly committed under Kansas Sexually Violent Predator Act was not a "prisoner" under the PLRA "and therefore his application to proceed on appeal *in forma pauperis* . . . is not subject to the fee provisions applicable to 'prisoners' set forth in 28 U.S.C. § 1915"); *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 727

1

(4th Cir. 2006) ("Because Michau's detention under the [South Carolina's Sexually Violent Predator Act] is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of 'prisoner.'"); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (holding that "PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees," such as plaintiff who was awaiting a determination whether he should be involuntarily detained as a sexually violent predator under Florida law); *see also Matherly v. Johns*, No. 5:11-CT-3020, 2012 WL 2953671, at *2 (E.D.N.C. July 19, 2012) (finding that plaintiff detained under Adam Walsh Act was detained "for non-punitive purposes," such that the PLRA's mandatory exhaustion requirements did not apply); *LaFontant v. I.N.S.*, 135 F.3d 158, 165 (D.C. Cir. 1998) (holding that the fee requirements of the PLRA do not apply to litigant detained by Attorney General under the Immigration and Naturalization Act pending review of deportation order).

Accordingly, it is hereby

ORDERED that the Motion for Reconsideration and Modification With Cause Being Shown [7] is GRANTED.  It is further

ORDERED that the Court's August 5, 2016 Order [4] is VACATED with respect to the plaintiffs' obligation to pay the filing fee in installments.  It is further

ORDERED that the Clerk of the Court shall mail a copy of this Order using a typewritten envelope to:

**JAMES DOW VANDIVERE**
R99078-011
PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels

P.O. BOX 1000
PETERSBURG, VA 23804

and

**JON KARL THOMPSON**
R24720-009
BUTNER MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
BUTNER, NC 27509

SO ORDERED.

DATE: August 30, 2016          /s/
                               TANYA S. CHUTKAN
                               United States District Judge