UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| JAMES DOW VANDIVERE, *et al.*, | ) |                              |
|                              | ) |                              |
| Plaintiffs,                  | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 16-1594 (TSC) |
|                              | ) |                              |
| LORETTA LYNCH, *et al.*,     | ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

## **MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Dismiss, ECF No. 12. For the reasons discussed below, the Court grants the motion.

### I. BACKGROUND

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 § 302, 120 Stat. 587, 620-22 ("the Act"), allows for the civil commitment of a sexually dangerous person for treatment after completion of his term of incarceration in the custody of the Federal Bureau of Prisons ("BOP"):

> In relation to a person who is in the custody of the [BOP], or who has been committed to the custody of the Attorney General pursuant to [18 U.S.C. §] 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General or any individual authorized by the Attorney General or the Director of the [BOP] may *certify that the person is a sexually dangerous person*, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to [§] 4241(d), to the clerk of the court that

1

> ordered the commitment. The court *shall order a hearing* to determine whether the person is a sexually dangerous person. A certificate filed under this subsection *shall stay the release* of the person pending completion of procedures contained in this section.

18 U.S.C. § 4248(a) (emphasis added). For purposes of the Act, the term "'sexually dangerous person' means a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others[.]" *Id*. § 4247(a)(5). A person is "sexually dangerous to others" if he "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." *Id*. § 4247(a)(6).

"[T]he court may order that a psychiatric or psychological examination of the [person] be conducted," *id*. § 4248(b), prior to a mandatory hearing, *see id*. §§ 4247(d), 4248(a). The person "shall be represented by counsel," and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *Id*. § 4247(d).

After the hearing, if "the court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person to the custody of the Attorney General." *Id*. § 4248(d). Periodic reports to the court are required, *see id*. § 4247(e), and "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged." *id*. § 4247(h). The court must order the person's immediate release "[i]f, after the hearing, [it] finds by a preponderance of the evidence that the person[] . . . will not be sexually dangerous to others if released unconditionally." *Id*. § 4248(e)(1). Alternatively, if the person "will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment," the court must:

2

> (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the Director of the facility in which he is committed, and that has been found by the court to be appropriate; and
>
> (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

*Id*. § 4248(e)(2). The Act expressly preserves the person's right to petition for a writ of habeas corpus to challenge the legality of his detention. *Id*. § 4247(g).

Plaintiffs James Dow Vandivere and Jon Karl Thompson bring this action under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against current and former Attorneys General, current and former BOP Directors, and the members of the Sex Offender Certification Review Panel. *See* Compl. at 1 (caption); *see id*. ¶ 4a. The Complaint alleges that each Defendant in his or her individual capacity is responsible for Plaintiffs' "unlawful continued [d]etention . . . beyond the scheduled release after completion of their . . . prison sentence[s] from [c]riminal [c]onvictions[.]" *Id*. ¶ 1. Defendants allegedly cause Plaintiffs to suffer "additional punishment . . . <u>other than penal</u>, without the benefit of a judicial process[,]" *id*. ¶ 2 (emphasis in original), and without "all other constitutional protections that all citizens of the United States are given and enjoy," *id*. ¶ 7; *see* Pls.' Opp'n to Defs. Reply of 12/22/16 ("Pls.' Surreply") at 2-3. Plaintiffs further contend that no Defendant had standing to (1) initiate civil commitment proceedings under § 4248 by certifying that Plaintiffs are sexually dangerous to others, (2) cause the government to file petitions in the United States District Court for the Eastern District of North Carolina, or (3) stay their release from custody when their prison sentences expired. *See* Pls.' Opp'n to Defs. Mot. to Dismiss ("Pls.' Opp'n") at 5, 16, 20-21.

In addition, Plaintiffs challenge the authority of the Eastern District of North Carolina to cause their post-incarceration civil commitment pursuant to § 4248. Plaintiffs claim that the Act violates Article 1, section 9 of the United States Constitution, which provides that "[n]o Bill of Attainder . . . shall be passed" by the United States Congress. U.S. CONST. art. I, § 9, cl. 3. Plaintiffs assert that if the Act pursuant to which Defendants operate "is a Constitutionally prohibited Bill of Attainder, no Federal Court could have Art[icle] III jurisdiction," Pls.' Opp'n at 6, "[a]ny decisions made by the North Carolina Court are VOID and unenforceable," *id*. at 22 (emphasis in original). Thus, they claim to be held "by force and without judicial authority. *Id*. at 6; *see* Pls.' Surreply at 9.

Plaintiffs demand a "judgment . . . in the amount of $5,000.00 per day, per [D]efendant, per [P]laintiff, for each day beyond their scheduled release dates, until Plaintiff[s'] release from the unlawful detention." Compl. at 4.

### James Dow Vandivere

Vandivere was convicted in the United States District Court for the Northern District of California of two counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), one count of activities relating to material involving the sexual exploitation of children in violation 18 U.S.C. § 2252(a)(2), and one count of transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). *See* Defs.' Mot. to Dismiss ("Defs.' Mot."), Ex. 1 at 2-3; *United States v. Vandivere*, 15 F. App'x 447 (9th Cir. 2001) (affirming conviction and sentence). He was sentenced to 235-months of imprisonment followed by a three-year term of supervised release. Defs.' Mot., Ex. 1 at 3. His term of imprisonment ended on July 10, 2015. *Id*., Ex. 1 at 4; *see* Compl. ¶ 5.

On November 20, 2014, Ivonne E. Bazerman, Chair of the Bureau of Prison's Certification Review Panel, certified that Vandivere "will have serious difficulty refraining from sexually violent conduct or child molestation if released." Pls.' Opp'n, Ex. 1 at 2. She reached this conclusion based on "[a] review and assessment of [Vandivere] using an actuarial risk assessment instrument . . . in addition to his prior offense conduct, intimacy deficits, sexual preoccupation, deviant sexual interest, poor cooperation with supervision, lifestyle impulsivity, offense-supportive attitudes, poor problem-solving skills and negative emotionality/hostility." *Id*., Ex. 1 at 3.[1]

On January 29, 2015, the government initiated civil commitment proceedings by filing in the United States District Court for the Eastern District of North Carolina a Certification of a Sexually Dangerous Person and Petition. Defs.' Mot., Ex. 2 at 1. The Federal Public Defender for the Eastern District of North Carolina entered an appearance on Vandivere's behalf. Notice of Appearance, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. Jan. 30, 2015). Subsequently, Vandivere waived his right to counsel, and the court appointed the Federal Public Defender to serve instead as standby counsel. *See* Order, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. Sept. 15, 2015).

Vandivere filed a *pro se* motion for summary judgment which, among other things, argued that the petition was untimely filed and that court lacked subject matter jurisdiction because the government had no standing to bring the civil commitment action. Resp. Mot. for Summ. J. of Dismissal, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. July 10, 2015). The motion was denied as "baseless," Order, *United States v. Vandivere*, No. 5:15-HC-2017

---

[1] Plaintiffs' exhibit is missing the second of three pages; this quote is from the third page of the certification.

(E.D.N.C. Aug. 14, 2015), and the United States Court of Appeals for the Fourth Circuit dismissed Vandivere's interlocutory appeal, *United States v. Vandivere*, 623 F. App'x 101, 102 (4th Cir. 2015) (per curiam).  Vandivere was no more successful with his motion to dismiss, in which he again challenged the timeliness of the petition and the court's subject matter jurisdiction.  *See* Resp. Notice of Mot. and Mot. to Dismiss, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. Feb. 16, 2016).  The court also denied this motion as baseless.  Order, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. July 18, 2016).  Nor did Vandivere find any success when he filed in the Fourth Circuit "petitions for a writ of mandamus seeking an order directing the district court to discharge him from detention and require proof of jurisdiction in his civil commitment proceeding and seeking review of an order entered in that proceeding." *In re Vandivere*, 625 F. App'x 207 (4th Cir. 2015) (per curiam).

Vandivere's commitment hearing took place on September 7, 2016, and on November 16, 2016, the court found the government "prove[d] by clear and convincing evidence that, as a result of his serious mental illnesses, abnormalities, or disorders, Vandivere 'would have serious difficulty refraining from sexually violent conduct or child molestation if released.' 18 U.S.C. § 4247(a)(6)." Defs.' Reply in Support of their Mot. to Dismiss, Ex. (Order, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. Nov. 16, 2016)).  Accordingly, Vandivere has been committed to the Attorney General's custody pursuant to 18 U.S.C. § 4248.  Judgment in a Civil Case, *United States v. Vandivere*, No. 5:15-HC-2017 (E.D.N.C. Nov. 16, 2016).  Vandivere appealed the judgment, *see United States v. Vandivere*, No. 16-7605 (4th Cir. filed Nov. 16, 2016), and counsel has been appointed to represent him, *see* Order, *United States v. Vandivere*, No. 16-7605 (4th Cir. June 16, 2017).

Jon Karl Thompson

Thompson pled guilty in the United States District Court for the Eastern District of Arkansas to possessing child pornography in violation of 18 U.S.C. § 2252(a)(5)(B); the court imposed a 120-month term of imprisonment followed by a 25-year term of supervised release. Defs.' Mot., Ex. 4 at 2. His term of imprisonment ended on April 22, 2016. *Id*., Ex. 4 at 3; *see* Compl. ¶ 6.

On July 15, 2015, Bazerman certified that Thompson "is a sexually dangerous person as defined by 18 U.S.C. § 4247(a)(5), and is sexually dangerous to others as defined by 18 U.S.C. § 4247(a)(6)." Pls.' Opp'n, Ex. 2 at 1. She based her certification on Thompson's federal and state convictions for sex offenses involving children, *see id*., Ex. 2 at 1-2, as well as:

> (b) A psychological review and assessment indicat[ing] the following diagnoses: Pedophilic Disorder, Nonexclusive type, Sexually attracted to females; Antisocial Personality Disorder (provisional); Methamphetamine Use Disorder, In a Controlled Environment; Alcohol Use Disorder, In a Controlled Environment and Cannabis Use Disorder, In a Controlled Environment.
> (c) A review and assessment of him using an actuarial risk assessment instrument (Static 99-R). . . in addition to . . . self-admissions, institutional misconduct, sexual preoccupation, deviant sexual interest, offense-supportive attitudes, emotional congruence with children, lifestyle impulsivity, poor problem solving skills, resistance to rules and supervision and negative social influences[.]

*Id*., Ex. 2 at 2-3.

Civil commitment proceedings commenced on October 28, 2015 in the United States District Court for the Eastern District of North Carolina. Certification of a Sexually Dangerous Person and Petition, *United States v. Thompson*, No. 5:15-HC-2253 (E.D.N.C. Oct. 28, 2015). The Federal Public Defender for the Eastern District of North Carolina entered an appearance on Thompson's behalf. Notice of Appearance, *United States v. Thompson*, No. 5:15-HC-2253 (E.D.N.C. Oct. 29, 2015). Thompson subsequently waived counsel, and the court appointed the

Federal Public Defender as standby counsel. Order, *United States v. Thompson*, No. 5:15-HC-2253 (E.D.N.C. Mar. 2, 2016).

Thompson filed a *pro se* motion to dismiss the commitment, arguing among other things, that the court lacked subject matter jurisdiction and that the petition was untimely filed. *See* Mot. to Dismiss and Strike, *United States v. Thompson*, No. 5:15-HC-2253 (E.D.N.C. Nov. 9, 2015). The court dismissed the motion without prejudice because, at that time, Thompson's motion to proceed *pro se* had not been resolved. Text Order, *United States v. Thompson*, No. 5:15-HC-2253 (E.D.N.C. Jan. 26, 2016). His second *pro se* motion to dismiss also challenged the court's subject matter jurisdiction, and was denied as frivolous. *See United States v. Thompson*, No. 5:15-HC-2253, 2016 WL 3676409 (E.D.N.C. July 7, 2016).

After a commitment hearing in August 2016, the court found "by clear and convincing evidence that . . . Thompson is a sexually dangerous person pursuant to 18 U.S.C. § 4248 and that he . . . be committed to the custody and care of the Attorney General until such time as he is no longer a sexually dangerous person." Judgment in a Civil Case, *United States v. Thompson*, No. 5:15-CV-2253 (E.D.N.C. Aug. 9, 2016). The court's ruling was affirmed on appeal. *See United States v. Thompson*, No. 16-7138 (4th Cir. May 2, 2017) (per curiam).

## II. DISCUSSION[2]

Defendants move to dismiss on the ground that Plaintiffs are collaterally estopped from bringing this civil action.

### A. Issue Preclusion

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)

---

[2] For purposes of this discussion, the Court proceeds as if all Defendants have been served in their individual capacities.

(footnote omitted). Under issue preclusion, or "collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted); *see Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 324-25 (1971) ("[A] party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time."). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. at 153-54 (footnote omitted).

In order for the issue preclusion doctrine to apply, "the issue must have been actually litigated, that is, contested by the parties and submitted for determination by the court." *Otherson v. Dep't of Justice, I.N.S.*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted). "Second, the issue must have been 'actually and necessarily determined by a court of competent jurisdiction' in the first trial," *id*. (citations omitted), and "[t]hird, preclusion in the second trial must not work an unfairness," *id*.

Defendants argue that each Plaintiff had an opportunity – and in fact availed himself of the opportunity – to challenge his civil commitment in the course of the proceedings in the Eastern District of North Carolina. Each Plaintiff challenged the constitutionality of § 4248 and otherwise sought dismissal of the commitment proceeding against him.

Plaintiffs disagree, arguing that their claims have not previously been litigated, and the claims relate to the Defendants' actions before, as opposed to after, judicial proceedings. *Id*.; *see*

Pls.' Surreply at 9 ("[T]he issue is the way the [Act] is being employed prior to the judicial hearing."). Despite this assertion, it appears that Plaintiffs' challenges are to the Act itself, *see, e.g.,* Pls.' Opp'n at 6-7, 10 (arguing that the Act is an unconstitutional Bill of Attainder), the authority under which Defendants acted, *see, e.g., id.* at 3-5, 20 (arguing that Defendants lacked standing to file petition), and the Eastern District of North Carolina's exercise of subject matter jurisdiction pursuant to the Act, *see id.* at 21, 22 (arguing that "[a]ny decisions made by the North Carolina Court are VOID and unenforceable [because] there is no Art[icle] III jurisdiction established anywhere on the record" (emphasis in original)). These are the same issues Plaintiffs raised previously, and all actually and necessarily were decided against Plaintiffs by the Eastern District of North Carolina.

The Act required the Eastern District of North Carolina to determine whether, as the United States certified, each Plaintiff is a sexually dangerous person who should remain in custody, notwithstanding the expiration of his prison sentence, until such time as he no longer is sexually dangerous to others. Plaintiffs vigorously litigated this issue, and a court of competent jurisdiction actually and necessarily resolved it. Although "[p]reclusion is sometimes unfair if the party to be bound lacked an incentive to litigate in the first trial," *Otherson*, 711 F.2d at 273, no one had more incentive than each Plaintiff to litigate the issue in the Eastern District of North Carolina.

Plaintiffs proceed as if the BOP's Sex Offender Certification Review Panel members and the other Defendants acted without any authority whatsoever. The Act is a legitimate exercise of Congress' legislative power, *see United States v. Comstock*, 560 U.S. 126, 129 (2010) (holding that "the Constitution grants Congress to enact § 4248 as 'necessary and proper for carrying into Execution' the powers 'vested by' the 'Constitution in the Government of the United States.'"

10

(citing Art. I, § 8, cl. 18)), and it appears that Defendants' pre-hearing actions were in accordance with § 4248.

"The only statutory precondition for certification is that the person be in the custody of the [BOP], be civilly committed as mentally incompetent to stand trial under 18 U.S.C. § 4241(d), or have had all criminal charges against him dismissed solely for reasons relating to [his] mental condition." *United States v. Springer*, 715 F.3d 535, 543 n.1 (4th Cir. 2013) (internal quotation marks and citation omitted). Prior to the expiration of each Plaintiff's prison sentence, and while he remained in BOP custody at the Federal Correctional Institution in Butner, North Carolina, the Chair of the BOP's Certification Review Panel certified that he is a sexually dangerous person. The United States filed a petition in the district Plaintiffs' confinement. By the plain language of § 4248(a), the filing of the certification stayed each Plaintiff's release from custody, at which time Eastern District of North Carolina was "in a position to review [each] application and to make sure the certification is in order. Nothing in the statute preclude[ed the] court from moving immediately into a merits hearing if it [found] the certification fatally flawed." *United States v. Carta*, 503 F. Supp. 2d 405, 410 (D. Mass. 2007), *aff'd*, 592 F.3d 34 (1st Cir. 2010).

The Court concludes that Plaintiffs are collaterally estopped from bringing this action.[3] Each Plaintiff had a full and fair opportunity to prove that he is not a sexually dangerous person. Plaintiffs' efforts failed, and they should not be permitted to retry the merits of their civil commitment in this lawsuit.

---

[3] Even if collateral estoppel did not apply, Plaintiffs' claims could not proceed because qualified immunity protects all Defendants from liability. Plaintiffs neither "make out a violation of a constitutional right," nor demonstrate that "the right at issue was 'clearly established' at the time of [D]efendant[s]' alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

### B. Claim for Monetary Damages

Defendants argue that Plaintiffs' demand for monetary damages is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which in relevant part provides that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. Plaintiffs respond that *Heck* does not apply because they are not prisoners "challenging a criminal conviction, sentence or the Civil Commitment sceme [sic]." Pls.' Opp'n at 16. Instead, they claim to mount only "jurisdictional challenges which can be brought at any time," *id*., and "cannot be barred," Pls.' Surreply at 8. As explained above, Plaintiffs' jurisdictional challenges were previously raised in the course of the civil commitment proceedings in the Eastern District of North Carolina, and that court resolved the matter against them.

*Heck* applies not only to prisoners, but also to civilly committed persons. *See Thomas v. Schmitt*, 380 F. App'x 549, 550 (7th Cir. 2010) (affirming dismissal under *Heck* of civil rights action brought by that person civilly committed as a sexually violent person under Wisconsin law); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (concluding that *Heck* applies to civil commitments under California's Sexually Violent Predators Act); *Reddick v. Paine*, No. 8:16CV556, 2017 WL 405614, at *3 (D. Neb. Jan. 30, 2017) (dismissing claim under § 1983 because it "cannot be presented . . . unless and until [plaintiff's] civil commitment is invalidated"); *LaSure v. Scaturo*, No. 9:16-CV-02317, 2016 WL 7334866, at *2 (D.S.C. Dec. 19, 2016) (concluding that *Heck* bars plaintiff's challenge to civil commitment pursuant to the South

Carolina Sexually Violent Predator Act). Even if Plaintiffs could have proceeded with their claims in this Court, they would not be entitled to monetary damages unless or until a court determined that their civil commitment is unlawful.

## III. CONCLUSION

The Court concludes that the issues Plaintiffs present are precluded and that their demand for monetary damages is barred. Accordingly, the Court grants Defendants' motion to dismiss. An Order is issued separately.

DATE: August 22, 2017 /s/
TANYA S. CHUTKAN
United States District Judge